# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58961-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JIMMY CARRELL PHIPPS, | |
| Appellant. | |

CHE, J. — Jimmy Carrell Phipps appeals his conviction of second degree unlawful possession of a firearm (UPFA). Phipps argues RCW 9.41.040(2)(a)(i) violates his Second Amendment rights under the United States Constitution as applied to him based on having a prior nonviolent felony conviction.

We hold that RCW 9.41.040(2)(a)(i) is not unconstitutional as applied to Phipps under the Second Amendment. Accordingly, we affirm Phipps's conviction.

## FACTS

In 2022, law enforcement responded to a report of two hunters armed with rifles trespassing on the caller's property. The caller believed one of the hunters was her neighbor, Phipps. Phipps admitted to a deputy sheriff that he hunted on the neighbor's property with his

rifle. The deputy determined that Phipps had a prior felony conviction for hit and run injury[1] and that Phipps had not reinstated his right to possess a firearm.

Phipps moved to dismiss his charge under both the United States and Washington constitutions. The trial court denied his motion to dismiss. Phipps submitted his case on a stipulated record. The trial court found Phipps guilty of UPFA pursuant to RCW 9.41.040(2)(a)(i).

Phipps appeals.

## ANALYSIS

Phipps raises an as-applied constitutional challenge and argues his UPFA conviction violated his Second Amendment rights. However, pursuant to current Second Amendment jurisprudence, we disagree.

We review constitutional challenges de novo. *State v. Ross*, 28 Wn. App. 2d 644, 646, 537 P.3d 1114 (2023), *review denied*, 2 Wn.3d 1026 (2024). We presume statutes are constitutional, and the challenger bears the burden of proving that a statute is unconstitutional beyond a reasonable doubt. *State v. Reynolds,* 12 Wn. App. 2d 181, 184, 457 P.3d 474 (2020); *Ross*, 28 Wn. App. 2d at 646.

Phipps contends his hit and run injury conviction does not comport with the nation's historical tradition of firearm regulation because it is not analogue to any regulations recognized by the founding generation. Phipps contends that *United States v. Rahimi*, 602 U.S. 680, 144 S. Ct. 1889, 219 L. Ed. 2d 351 (2024), requires the appellate courts to conduct a felony-by-felony

---

[1] Phipps previously pleaded guilty to "Hit and Run – Injury" for acts occurring in 1998, violating RCW 46.52.020. Clerk's Papers at 75. Under RCW 46.52.020, a person commits a class C felony if (1) they drove a motor vehicle in this state, (2) the vehicle was involved in an accident, (3) an injury or death of a person resulted from the accident, and (4) the driver of the vehicle did not stop immediately and remain at the scene of the accident until fulfilling certain duties. *State v. Komoto*, 40 Wn. App. 200, 206, 697 P.2d 1025 (1985); *see also* RCW 42.52.020(1), (3), (4)(b).

analysis for the federal felon in-possession statute. He also asserts his prior felony offense does not pose a clear threat of physical violence under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), and *Rahimi*.

Recently, we considered substantively similar arguments in the published portion of our opinion in *State v. Koch*, 34 Wn. App. 2d 232, 567 P.3d 653 (2025). In *Koch*, the defendant argued that his UPFA conviction, as applied to him, violated his Second Amendment rights based on prior nonviolent felony convictions. *Id.* at 235. Koch had previously been convicted of forgery, possession of stolen property, and identity theft. *Id*.

Our court considered the question of "whether a statute prohibiting a person convicted of nonviolent felonies from possessing a firearm violates the Second Amendment. *Id.* at 242. After considering Second Amendment jurisprudence, including *Bruen*, *Rahimi*, and four Washington cases spanning our court's three divisions,[2] we concluded that the Second Amendment does not protect convicted felons, regardless of their type of felony conviction. *See id.* ("We conclude that the Second Amendment does not protect convicted felons, who by definition are not law-abiding citizens."). We reasoned that, consistent with the current federal and state Second Amendment jurisprudence, convicted felons are definitionally not law-abiding citizens, and, thus, do not fall within the category of people the Second Amendment protects. *Id.* at 243. Concluding such, we held that Koch's UPFA conviction did not violate the Second Amendment. *Id.* at 244.

Because Phipps had a prior felony conviction and he did not have his firearm rights reinstated, Phipps was not a law-abiding citizen at the time he possessed the firearm. Therefore,

---

[2] We considered the following Washington opinions: *State v. Ross*, 28 Wn. App. 2d 644, 537 P.3d 1114 (2023), *review denied*, 2 Wn.3d 1026 (2024); *State v. Bonaparte*, 32 Wn. App. 2d 266, 554 P.3d 1245 (2024), *review denied*, 4 Wn.3d 1019 (2025); *State v. Olson*, 33 Wn. App. 2d 667, 565 P.3d 128 (2025); and *State v. Hamilton*, 33 Wn. App. 2d 859, 565 P.3d 595 (2025).

like the defendant in *Koch*, Phipps did not fall within the class of those protected by the Second Amendment because he was not a law-abiding citizen. *See id.* at 243 ("[F]elons – who are not law-abiding citizens – are not among the class of people that the Second Amendment covers.").

Nevertheless, Phipps contends that *Rahimi* requires the appellate courts to conduct a felony-by-felony analysis for the federal felon in-possession statute by citing to several federal cases that the Supreme Court vacated and remanded for reconsideration in light of *Rahimi*. However, we decline to assume, as Phipps requests, that we should interpret the Supreme Court's mere remand of these cases as an expression of its view that a felony-by-felony analysis is required.

We hold that Phipps's conviction for UPFA does not violate the Second Amendment.

CONCLUSION

Accordingly, we affirm Phipps's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Cruser, C.J.

Price, J.

4